O        JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6715 AHM (MANx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | AURORA LOAN SVCS., LLC. v. HARRISON, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On November 6, 2009, Plaintiff filed this action in Los Angeles County Superior Court. On September 9, 2010, Defendants removed this action to this Court.[1] Defendants allege that this action originally could have been brought in federal court based on federal question jurisdiction, and that this Court has removal jurisdiction pursuant to 28 U.S.C. § 1441(b).

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

As a threshold inquiry, an action may be removed only if the federal court could have exercised original jurisdiction — that is, the action could have been filed in federal court. *See Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996). A federal court has original jurisdiction over over claims "arising under" federal law. 28 U.S.C. § 1331.

Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Defendants seek federal question removal

---

[1]Docket No. 1.

O     **JS-6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6715 AHM (MANx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | AURORA LOAN SVCS., LLC. v. HARRISON, et al. | | |

under the Civil Rights Act statute 28 U.S.C. §§ 1443(1), (Notice of Removal, ¶ 5), but have failed to meet the requirements for jurisdiction under this statute.

      The language of § 1443(1) is as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

*Id*. A notice of removal under § 1443(1) must satisfy a two-part test. First, the parties must "assert[] a right under federal law protecting civil rights stated in terms of *racial equality* (rather than general constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination)." William Schwarzer et al., *Federal Civil Procedure Before Trial* (2010 ed.), at § 2:840 (emphasis in original). Second, "it must appear that the party seeking removal *cannot enforce the specified federal right in the state courts* because of a state statute or constitutional provision that purports to command the state courts to ignore the federal rights." *Id*. (emphasis in original).

      Here, the Defendants specifically state their assertion of § 1443(1) jurisdiction is in spite of any racial discrimination. They instead are seeking to "break the racial lock on Civil Rights Removal." (Notice of Removal, ¶ 15). Because their assertion is not stated in terms of racial equality, Defendants fail to satisfy part one of the two-part test for removal under § 1443(1).

      Defendants also fail to satisfy part two of the two-part test for removal under the statute. Defendants cite to the California Unlawful Detainer and Non-Judicial Foreclosure Statutes, in addition to Cal. Civil Code § 1714.10 and § 425.16, stating conclusorily that the statutes were enacted "with express discriminatory intent." (Notice of Removal, ¶ 27). Nowhere do Defendants point to anything which *commands* the state courts to ignore federal rights. Thus, Defendants' assertions fail to establish subject

O    **JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6715 AHM (MANx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | AURORA LOAN SVCS., LLC. v. HARRISON, et al. | | |

matter jurisdiction in this Court.

For these reasons, the Court remands this case to the Superior Court.

It is so ORDERED.

_____ : _____

Initials of Preparer